CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 13 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELISHA ORNES, | ) | |
| | ) | Civil Action No. 7:17CV00393 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | Hon. Glen E. Conrad |
| JEREMY MASON, MARLENA | ) | United States District Judge |
| SEALE, VIRGINIA DEPARTMENT | ) | |
| OF CHILD SUPPORT, a Virginia | ) | |
| corporation, DOES 1 TO 100, and | ) | |
| DENNIS NAGEL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Elisha Ornes, proceeding pro se, brings this action against defendants Jeremy Mason, Marlena Seale, the Virginia Department of Child Support ("VDCS"), Does 1 to 100, and Dennis Nagel, seeking relief related to a dispute over child support. This matter is currently before the court on the plaintiff's motion for leave to proceed in forma pauperis. Although the court grants the motion, for the following reasons, the court concludes that the complaint must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B).

## Background

On August 18, 2017, Ornes commenced this action by filing two documents, which the court construed as a motion for leave to proceed in forma pauperis and a complaint. In the complaint, Ornes identifies herself as a prosecutor and sets forth 16 causes of action against various defendants related to her dispute with Mason regarding the paternity and financial support of her child. The causes of action include demands for an audit of Mason's financial

records and a drug test of Mason, a claim for breach of a court-ordered child support contract, and purported criminal charges against Mason, including child endangerment, trespass, harassment, and identity theft and fraud. Ornes also requests a permanent protective and restraining order and a cease and desist order against Mason. Finally, Ornes requests compliance with the Foreign Agents Registration Act if Mason intends to have an attorney respond to her complaint. The complaint does not specify which, if any, of the causes of action are alleged against Seale, the VDCS, Does 1 to 100, or Nagel. Ornes seeks monetary damages, court costs, and a declaratory judgment increasing the amount of child support and requiring payment of past due child support and medical costs.

Ornes has also filed a document titled, "Writ of Error Qua Corum Nobis Residant" and a "Notice to Court and All Other Officers." In these filings, Ornes claims that the Clerk improperly docketed her first filing as a motion for leave to proceed in forma pauperis as opposed to an order granting her leave to proceed in forma pauperis as she had requested. She also requests a "Certified Copy of Oath and Bond from Judge Glen E. Conrad." Docket No. 6.

## Standards of Review

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

Additionally, under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has "a duty to screen initial filings." Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the

complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii), the court applies the same standard used to review a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, federal district courts are authorized to hear cases arising out of federal law or involving diverse parties and a specified amount in controversy. 28 U.S.C. §§ 1331, 1332. Under the well-pleaded complaint rule, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (alterations and internal quotation marks omitted).

Having reviewed the complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. Ornes has failed to identify any violation of federal law which might support the exercise of federal question jurisdiction under § 1331. Although Ornes refers to the Foreign Agents Registration Act, she "ha[s] not asserted any coherent federal claim, much less affirmatively alleged one." Taylor v. Bank of Am., No. 7:12CV00010, 2012 WL 871049, at *2 (W.D. Va. Mar. 14, 2012). Because the complaint "on its face makes no recognizable effort to assert a federal right to relief" under the act or otherwise, the complaint does not invoke federal question jurisdiction. Id.; see Vaden, 556 U.S. at 60. Nor

3

has Ornes demonstrated that complete diversity of citizenship exists between the parties as required by § 1332. To the contrary, the complaint indicates that the plaintiff, and at the very least, the VDCS, are residents of Virginia. Thus, both federal question and diversity jurisdiction are lacking.

Moreover, under the Rooker-Feldman doctrine,[1] federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, to the extent Ornes seeks review of, or relief from, a child support order, her complaint is subject to dismissal under Rule 12(h)(3).

Ornes' complaint is also subject to dismissal under § 1915(e)(2). Liberally construing the complaint, it fails to allege sufficient facts to state a plausible claim for relief against any defendant. The complaint does not identify any cause of action under which Ornes seeks relief against four of the defendants, Seale, the VDCS, Does 1 to 100, and Nagel. The complaint also does not provide any legal authority entitling her to relief. As described above, the complaint refers to the Foreign Agents Registration Act, but does not set forth the legal basis for a claim under that act. Finally, Ornes purports to operate as a prosecutor bringing criminal charges, but does not have the authority of a prosecutor. Nor does she cite the criminal statutes upon which she relies to demonstrate that any of those statutes provide a private right of action. See Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'") (quoting Cort v. Ash, 422 U.S. 66, 80 (1975)).

---

[1] The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

## Conclusion

For the reasons stated, the court grants the plaintiff's motion for leave to proceed <u>in forma pauperis</u> and dismisses the complaint without prejudice pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 13rd day of September, 2017.

                                          United States District Judge